IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                              Case No.: 3:07cv217/MCR/EMT

MICHELLE NEELY,
    Defendant.
_____/

## **AMENDED REPORT AND RECOMMENDATION**[1]

        This case filed pursuant to 28 U.S.C. § 1345 and 20 U.S.C. § 1071 *et seq.* is now before the court on Plaintiff's Motion for Summary Judgment and supporting documents (Docs. 8, 11). Defendant, proceeding pro se, has not filed a response in opposition to the motion despite the court's advising her of the procedural rules and requirements for preparing a response to the motion, the legal standard governing summary judgment motions, and the repercussions of her failure to respond to Plaintiff's motion (Docs. 10, 13).  Upon review of the Plaintiff's motion and supporting documents, it is the opinion of the undersigned that the motion for summary judgment filed by Plaintiff should be granted.

I.    PROCEDURAL HISTORY

        Plaintiff, the United States of America (United States), filed a complaint alleging that Defendant is indebted to the United States, pursuant to 20 U.S.C. § 1071 *et seq.*, for student loans guaranteed by the Department of Education (DOE) (Doc. 1 at 1).  Plaintiff alleges Defendant owes a principal sum of $2,710.10 and interest of $3,460.38 accrued through April 4, 2007, plus accruing interest at the annual rate of 8%, as set forth in a Certificate of Indebtedness attached to the

---

[1] This only portion of the original Report and Recommendation that is modified by this amendment is the amount of the judgment included in paragraph 2. of the "Recommended" section on page 5.  The amount of the judgment was left blank in the original Report and Recommendation (*see* Doc. 15)

complaint and incorporated therein (*id.* at 2). Plaintiff seeks judgment in the principal amount of $2,710.10 plus interest, and taxation of costs in the amount of $350.00 for the clerk's filing fee pursuant to 28 U.S.C. § 2412(a)(2) (*id.*).

Defendant Michelle Neely, also known as Michelle Eurioste, filed an answer stating that she paid this debt in full in 1999 (*see* Doc. 4). She states she attended Loretto Heights College in 1987–88 when the school closed (*id.*). She asserts that a law exists whereby if the school attended by the borrower closes, the student loan is voided and any funds paid by the borrower are to be refunded (*id.*). Plaintiff states she paid $2,000.00 toward the original debt, and the DOE recaptured her tax refund in the mount of $500.00 (*id.*). Defendant states that she worked with Mr. Opperman, a representative of the DOE, and they agreed that $2,500.00 would be credited to the loan, thereby satisfying any indebtedness (*id.*).

In the motion for summary judgment, Plaintiff asserts that the documents attached to the motion show that Defendant received a loan of $2,625.00 on October 30, 1989, and Defendant's answer acknowledges the loan (*see* Docs. 8, 11, attached Application for a Colorado Guaranteed Student Loan and Promissory Note). Plaintiff further contends that the documents submitted with the summary judgment motion show that as of April 4, 2007, Defendant owed a principal amount of $2,710.10 and interest of $3,460.38, for a total amount of $6,170.48 (*see* Doc. 8, attached Certificate of Indebtedness). Plaintiff contends that although Defendant disputes the debt, she has failed to provide any documentation or declarations in support of her defense. Accordingly, Plaintiff argues, the United States is entitled to judgment as a matter of law.

II. FACTS

The following facts are without substantial controversy.[2] On or about October 30, 1989, Defendant executed a promissory note ("the Note") to secure a loan of $2,625.00 from the United Bank of Denver at 8.00 percent interest per annum (Doc. 8, attached Certificate of Indebtedness). The loan obligation was guaranteed by the Colorado Student Loan Program and then reinsured by the DOE under loan guarantee programs authorized under federal law (*id.*). The holder of the Note

---

[2]The court conveys as facts those factual allegations in the statement of undisputed facts included in Plaintiff's motion for summary judgment and supported by the discovery and disclosure materials submitted with the motion (Doc. 8).

Case No.: 3:07cv217/MCR/EMT

demanded payment according to the terms of the Note and credited nothing to the outstanding principal (*id.*). Defendant defaulted on the obligation on June 12, 1992, and the holder of the Note filed a claim on the loan guarantee (*id.*). Due to this default, the guarantee agency paid a claim in the amount of $2,710.10 to the holder (*id.*). The guarantor was then reimbursed for that payment by the DOE under the reinsurance agreement (*id.*). The guarantor attempted to collect this debt from Defendant but was unable to collect the full amount due, and on January 31, 1997, assigned its right and title to the loan to the DOE (*id.*). Since assignment of the loan to the DOE, the DOE has credited no amount in payments from any sources, including offsets by the federal Treasury Department, if any, to the balance (*id.*). As of April 4, 2007, Defendant owed a principal amount of $2,710.10 and accrued interest in the amount of $3,460.38, for a total amount of $6,170.48, with interest accruing at the rate of $0.59 per day (*id.*).

III.   ANALYSIS

A party claiming relief may move, with or without supporting affidavits, for summary judgment. Fed. R. Civ. P. 56(a). "The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, the opposing party's response must, by affidavits or as otherwise provided in Rule 56, set out specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). "[T]he substantive law will identify which facts are material" and which are irrelevant. Anderson, 477 U.S. at 248. An issue of fact is material if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. *See id.*; *accord* Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998 (11th Cir. 1992). If the party opposing the motion for summary judgment does not respond as required by Rule 56, summary judgment should, if appropriate, be entered against that party. Fed. R. Civ. P. 56(e)(2).

When assessing the sufficiency of the evidence in favor of the nonmoving party, the court must view all the evidence, and all factual inferences reasonably drawn from the evidence, "in the light most favorable to the non-moving party." Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993). If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." Miranda v. B & B Cash Grocery Store, Inc., 975 F.2d 1518, 1534 (11th Cir. 1992) (citing Mercantile Bank & Trust Co. v. Fidelity and Deposit Co., 750 F.2d 838, 841 (11th Cir. 1985)). The court is not obliged, however, to deny summary judgment for the moving party when the evidence favoring the nonmoving party is "merely colorable or is not significantly probative." Anderson, 477 U.S. at 249–50. "A mere 'scintilla' of evidence supporting the . . . [nonmoving] party's position will not suffice" to demonstrate a material issue of genuine fact that precludes summary judgment. Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (quoting Anderson, 477 U.S. at 252, 106 S. Ct. at 2512). Defendant must show more than the existence of a "metaphysical doubt" regarding the material facts, Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence or conclusory allegations is insufficient. Celotex Corp., 477 U. S. at 324 (quoting Fed. R. Civ. P. 56(e)). Defendant must either point to evidence in the record or present additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. *Id.*; Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997); Hammer v. Slater, 20 F.3d 1137 (11th Cir. 1994). The Eleventh Circuit has consistently held that conclusory allegations without specific supporting facts have no probative value, and are legally insufficient to defeat summary judgment. *See* Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1217 (11th Cir. 2000); Sammons v. Taylor, 967 F.2d 1533, 1544–45 & n.5 (11th Cir. 1992).

In the instant case, Defendant does not dispute that she was the borrower on this student loan (*see* Doc. 4). Furthermore, Plaintiff has supported its motion for summary judgment with documents evidencing the following facts: (1) on October 30, 1989, Defendant executed the Note to secure a loan in the amount of $2,625.00 at an interest rate of 8.00 percent per annum; (2) Defendant defaulted on the obligation on June 12, 1992; (3) the DOE reimbursed the guarantor of the loan in the amount of $2,710.10 under the reinsurance agreement; (4) the guarantor attempted to collect the debt from Defendant but was unable to do so; (5) on January 31, 1997, the guarantor assigned its

right and title to the loan to the DOE; (6) the DOE has credited no amount in payments to the balance, and (7) as of April 4, 2007, Defendant owed a principal amount of $2,710.10 and accrued interest in the amount of $3,460.38, for a total amount of $6,170.48, with interest accruing at the rate of $0.59 per day beginning April 5, 2007 (Doc. 8, attached Certificate of Indebtedness). Defendant has not responded to the summary judgment motion or otherwise submitted any Rule 56 materials setting out specific facts showing a genuine issue for trial. Accordingly, Plaintiff is entitled to summary judgment. The documentation submitted by Plaintiff establishes that the amount due up to and including September 19, 2008, is $6,485.54, which includes $6,170.48 plus interest in the amount of $315.06 (534 days from April 5, 2007 to and including September 19, 2008, at a rate of $0.59 per day). Additionally, Plaintiff requested and is entitled to taxation of costs in the amount of $350.00 for the amount of the filing fee, pursuant to 28 U.S.C. § 1920 (*see* Doc. 1 at 2).

Accordingly, it is respectfully **RECOMMENDED**:

1. That Plaintiff's motion for summary judgment (Doc. 8) be **GRANTED**.

2. That the clerk enter judgment in favor of Plaintiff, the United States of America, against Defendant, Michelle Neely, also known as Michelle Eurioste, in the amount of $6,485.54 as of September 19, 2008, plus taxation of costs of $350.00 for the filing fee, said judgment to bear interest from the date of entry pursuant to 28 U.S.C. § 1961, for which execution should issue.[3]

At Pensacola, Florida, this 29th day of September 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[3]The recommendation as to the amount of the judgment does not include interest calculated to the date of the order of the District Judge upon consideration of this Report and Recommendation.

Case No.: 3:07cv217/MCR/EMT

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).